New England Auto Investment Co. *vs.* Leo P. St. Germaine.

JUNE 22, 1923.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Sales. Mortgages. Notice.*

In financing the purchase of automobiles, plaintiff gave a dealer the money to secure them from the carrier; dealer gave plaintiff a bill of sale and plaintiff under written agreement leased the cars to dealer, plaintiff agreeing to sell the cars to dealer on receipt of payment as provided in agreement, title to remain in plaintiff and dealer retaining possession. Subsequently plaintiff claiming breach of agreement, in order to take possession of a car placed a tag on it bearing a notice that it was property of plaintiff, leaving the car with the dealer. The tag was removed and the car sold to defendant, a *bona fide* purchaser, for value, without notice. On replevin,—

*Held*, that if the agreement was regarded as a mortgage, as it was not recorded and defendant had no notice of plaintiff's claim, he secured a good title, and if the transaction was considered as a sale, defendant secured title under Gen. Laws, cap. 262, § 9.

Replevin. Heard on exceptions of plaintiff and overruled.

Stearns, J. The action is replevin to recover an automobile. After a trial by jury and a verdict for the defendant, the case is in this court on plaintiff's bill of exceptions.

Plaintiff is a Massachusetts corporation with offices in Boston. Its business is buying and selling automobiles and financing for dealers of automobiles. One Levasseur, a dealer in automobiles hereinafter called the dealer, was the agent for Rhode Island of the Auburn automobile. His salesroom was located on Snow street in Providence.

November 14, 1916, the dealer received a shipment of four automobiles, ordered by him from the Auburn factory in Indiana. The bill of lading with draft attached was sent to a local bank. In order to secure delivery of the automobiles, the dealer as he had done before with other shipments, entered into an agreement with plaintiff in pursuance of which plaintiff on November 14, 1916, gave to the dealer its check for $2,720. This check was endorsed by the dealer

to the bank and the four automobiles were then delivered to the dealer by the railroad company.

On the same day in pursuance of the agreement the dealer gave to plaintiff a bill of sale of the automobiles, and plaintiff by an instrument, entitled "dealers lease and agreement" leased the particular automobile now the subject of controversy to the dealer. A similar lease was also made of each of the other automobiles. The lease was for a period of thirty days from date as stated therein "the consideration of $366.25 and the balance to be received in one payment of $743.75 on demand with interest at 6% and as stated therein." "The lessee has given to the lessor a promissory note corresponding to said payment, said note not being in payment of any obligation hereunder, but as collateral security for the making of the payment as above provided."

The lessor agreed if payment was made as provided, to sell said automobile to the lessee for one dollar, but until that time the legal title was to remain in the lessor. The lessee agreed to keep the automobile in his salesroom on Snow street and not to sell the automobile or to remove it from said salesroom without the written consent of the lessor, and on failure to make a payment, or on breach of any part of the lease, the lessee agreed to return the automobile, and the lessor was to have the right to enter the premises, if necessary, and take possession thereof for the lessor's own use and benefit. The factory price of the four cars to the dealer was about $3,400.

The treasurer and manager of plaintiff company testified that plaintiff company by these transactions paid the dealer and became the owner of the cars, the price paid as represented by the check given, according to the usual custom, being 80% of the price paid by the dealer to the factory, it being understood that the dealer received a customary discount from the factory of 15% of the list price.

In December, 1916, the dealer moved his salesroom to Broad street. With the knowledge of plaintiff, but without any written consent given, the automobile was moved to and

displayed in the new salesroom. About April 4th an agent of plaintiff went to the dealer's salesroom to take possession of the car, as the dealer had not paid the money due to plaintiff. The agent fastened a small metal tag on the steering post of the car at the dashboard, bearing thereon a notice that the car was the property of plaintiff. This tag did not interfere with the operation of the car and could be easily removed. The agent left the car as he found it in the salesroom. The tag was removed by some one before the dealer sold the car to defendant. Ten days later when the agent returned to take the car away he discovered that it had been sold to defendant.

The evidence shows, as was found to be the fact by the jury, that defendant was a *bona fide* purchaser for value from the dealer without any knowledge of plaintiff's claim of ownership.

Plaintiff's manager testified that at the time the above mentioned written agreements were made, he also made an oral agreement with the dealer whereby it was agreed the plaintiff should, as he expressed it, "carry the car for four months." It also appears that there was an understanding between the plaintiff and the dealer whereby the written agreements were changed in some respects. But it is unnecessary to consider the precise terms or the exact legal effect of the contract. If it is regarded as a mortgage, as it was not recorded and as there is no evidence that defendant had any knowledge of the plaintiff's claim, defendant secured a good title.

If we consider the transaction to be a sale, as claimed by plaintiff, the result is the same, and it is immaterial whether the sale was conditional or unconditional.

By Section 9, Chapter 262, General Laws, 1909, commonly known as the Sales Act, it is provided as follows: "Where a person having sold goods continues in possession of the goods, or of negotiable documents of title to the goods, the delivery or transfer by that person, or by an agent acting for him, of the goods or documents of title under any sale,

pledge, or other disposition thereof, to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same."

If the transaction with plaintiff is considered as a sale, the defendant was properly found by the jury to have a valid title to the automobile. The dealer after the sale continued in possession. The defendant received and paid value for car without notice of the previous sale. The transfer by bill of sale from the dealer to defendant or the delivery to defendant had the same effect under the Sales Act as if expressly authorized by the owner and this would be the result even if the plaintiff is held later to have secured legal possession by the act of his agent in placing the tag on the car. The charge to the jury was in accordance with the law as stated.

We find no error in the charge or in the refusal to charge as requested.

. All of plaintiff's exceptions are overruled and the case is remitted to the Superior Court with direction. to enter judgment on the verdict.

*McGovern & Slattery, Fred B. Perkins*, for plaintiff.
*John R. Higgins*, for defendant.